IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-MC-27-BM

| | |
|---|---|
| IN RE: SUBPOENA ISSUED TO FORMER U.S.D.A. EMPLOYEE JOSEPH W. MARINO IN THE MATTER OF BARNES v. VILLARI BROS. FOOD, ET AL., WILSON COUNTY SUPERIOR COURT, No. 23CVS169 | **ORDER** |

This matter is before the court on the government's motion to quash [DE-2] a subpoena issued to Joseph W. Marino ("Marino"), a former employee of the United States Department of Agriculture ("USDA"), in the case of *Barnes v. Villari Bros. Food et al.*, No. 23 CVS 169, Superior Court of Wilson County, North Carolina.[1] No response has been filed,[2] and the motion is ripe for adjudication. For the reasons set forth below, the court grants the motion to quash the subpoena.

## **BACKGROUND**

On or about July 7, 2025, a subpoena was served on Marino, a former USDA employee, to appear and testify in the Superior Court of Wilson County, North Carolina, in the case of *Barnes v. Villari Bros. Food et al.*, No. 23 CVS 169 (Wilson Cnty. Sup. Ct.), a matter in which the United States is not a party. [DE-3] at 1-3. On August 13, 2025, the government removed the subpoena proceeding to this court pursuant to 28 U.S.C. § 1442, and filed the instant motion to quash, after

---

[1] On August 22, 2025, the government filed a notice of related case with respect to *T.B. v. United States of America, et al*, No. 5:25-cv-00502-M-RJ, which presents an Administrative Procedures Act ("APA") challenge to the U.S.D.A.'s denial of the state plaintiff's Touhy request for Marino's testimony. [DE-5] at 1.

[2] The court notes that the government filed a separate motion to quash a subpoena issued in the same state court matter to a different former USDA employee, Robbie Haskins ("Dr. Haskins"). *United States of America et al. v. In Re: Subpoena Issued to Former U.S.D.A. Employee Robbie Haskins in the Matter of Barnes v. Vallari Bros. Food et al.*, 5:25-MC-26-BM, [DE-3] (E.D.N.C. August 13, 2025) ("*In re: Haskins Subpoena*, 5:25-MC-26-BM"). In that related case, plaintiff filed a memorandum in opposition to the government's motion to quash "subpoenas issued to former USDA employees Dr. Robbie Haskins and Joseph Marino." *See In re: Haskins Subpoena*, 5:25-MC-26-BM, [DE-5]. Despite plaintiff's memorandum discussing both the subpoena to Dr. Haskins, at issue in *In re: Haskins Subpoena*, 5:25-MC-26-BM, and the subpoena to Mr. Marino, at issue here, this memorandum was not filed under the instant case number. The court's ruling herein, would not change, even had this memorandum been properly filed under the instant case number.

it unsuccessfully attempted to resolve the issues inherent in seeking to compel the testimony of a former federal employee in a state court matter to which the government is not a party. *See* [DE-3]. The government asserts that the subpoena seeks testimony regarding matters within the scope of Marino's former employment with USDA, that the government does not have any interest in the outcome of the litigation, and that the subpoena should be quashed due as the USDA has not authorized Marino to provide any testimony. *Id.* at 2-4 (citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)).

## DISCUSSION

This court previously quashed a subpoena served on Marino on or about January 30, 2025, arising out of the same superior court case in Wilson County. *See In Re: Subpoena Issued to Former U.S.D.A. Employee Joseph Marino in the Matter of Barnes v. Vallari Bros. Food et al*, 5:25-MC-00013-KS, [DE-6], (filed March 28, 2025). The reasoning provided by the court in that case applies with equal force here. *See id.*

The doctrine of sovereign immunity "precludes a state court, and in turn a federal court on removal, from exercising jurisdiction to compel a government employee to testify contrary to agency instructions." *Morgan v. Bagley*, No. 5:08-CV-217-BR, 2008 WL 2626974, at *1 (E.D.N.C. June 26, 2008). Thus, a federal employee "may not be forced to comply with [a] subpoena [] if a valid regulation required [the employee] not to comply." *Smith v. Cromer*, 159 F.3d 875, 878 (4th Cir. 1998).; *accord Morgan*, 2008 U.S. Dist. LEXIS 49225, at *2.

Pursuant to 5 U.S.C. § 301, the USDA has promulgated regulations designed to deal with requests for testimony and documents from its employees regarding information obtained in the performance of their official duties. These *Touhy* regulations, set forth at 7 C.F.R. § 1.210 *et seq.*, prohibit the disclosure of information obtained in the course of employment pursuant to a litigation

request or demand absent express approval of appropriate officials upon request by the party seeking the information.  *See* 7 C.F.R. § 1.212(b).

The subpoenaing party has shown neither that the subpoena served on Marino seeks testimony obtained outside the performance of his official duties nor that the party has sought and obtained approval pursuant to USDA's *Touhy* regulations.  Thus, Marino is prohibited from providing the testimony sought by the subpoena, and the subpoena should be quashed.

## CONCLUSION

For the foregoing reasons, the government's motion [DE-2] is GRANTED, and the subpoena directed to Joseph W. Marino is QUASHED.  The Clerk is DIRECTED to serve a copy of this order on the Clerk of Superior Court of Wilson County, North Carolina, and to close this matter.

SO ORDERED, this 11th day of September, 2025.

_____
Brian S. Meyers
United States Magistrate Judge